UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| REBECCA WITHROW, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) |
| | ) COMPLAINT |
| MAURY COBB, ATTORNEY AT LAW, LLC. | ) |
| Defendant. | ) |

Plaintiff, Rebecca Withrow, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendant, Maury Cobb, Attorney at Law, LLC (hereinafter "Defendant"), and alleges as follows.

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendant's violations of 47 U.S.C. §227 *et seq.*, the Telephone Consumer Protection Act.

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.  Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.  Plaintiff is a natural person, who at all relevant times has resided in the City of Winchester, Kentucky 40391.

5.     Defendant is a corporation doing business in the State of Kentucky, with its corporate address as 301 Beacon Pkwy West, Suite 100, Birmingham, Alabama 35209.

## FACTUAL STATEMENT

6.     On or about March 4, 2016, Plaintiff began receiving automated telephone calls from Defendant to her cellular telephone number.

7.     When Plaintiff did not answer, Defendant would leave automated messages through an artificial voice for Plaintiff which stated as follows:

> We have an important message from the Office of Maury Cobb, Attorney at Law.
> This is a call from a debt collector.  Please call 855-817-1285.

8.     Because she was unfamiliar with Defendant and why she would be receiving calls, on March 28, 2016, Plaintiff called Defendant in an attempt to learn why she was receiving automated telephone calls from Defendant.

9.     During the course of the phone call, Plaintiff provided her phone number to a representative of Defendant and learned that Defendant was attempting to reach "Russell Fisher."

10.    Plaintiff informed Defendant's representative that she was not Russell Fisher and Defendant's representative replied that the phone number would be removed.

11.    Nonetheless, Plaintiff would continue to receive automated calls from Defendant in the days and weeks thereafter.

12.    In total, Plaintiff received automated calls from Defendant at the following dates and times:

   a. March 4, 2016, 2:30 pm;
   b. March 7, 2016, 1:59 pm;
   c. March 17, 2016, 1:45 pm;
   d. March 18, 2016, 1:14 pm;

      e. March 28, 2016, 1:43 pm;
      f. April 4, 2016, 3:39 pm;
      g. April 6, 2016, 11:00 am;
      h. April 8, 2016, 1:45 pm;
      i. April 11, 2016, 11:56 am;
      j. April 12, 2016, 10:34 am;
      k. April 13, 2016, 12:02 pm;
      l. April 19, 2016, 3:53 pm;
      m. April 20, 2016, 2:09 pm;
      n. April 21, 2016, 1:48 pm;
      o. April 22, 2016, 1:50 pm.

13. The automated telephone calls were all from the phone number 855-817-1285 which belongs to Defendant.

14. The automated telephone calls were placed to Plaintiff's cellular telephone number 859-xxx-9341.

15. As Defendant had no relationship with Plaintiff, Defendant never had Plaintiff's consent to call her cellular telephone number.

16. Defendant used an automated telephone dialing system to call Plaintiff's cellular telephone number for each of the phone call made to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

17. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as if specifically set forth at length herein.

18. Defendant never had consent to call Plaintiff's cellular telephone number.

19. Defendant placed automated telephone calls to Plaintiff's cellular telephone number through use of an automated telephone dialing system.

20. Defendant's actions constitute a violation of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

## JURY TRIAL DEMAND

21. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Rebecca Withrow, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA;

b. Enter judgment against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii)

c. Enter judgment against Defendant for statutory damages for each violation of 47 U.S.C. § 227b(1)(A)(iii) or treble damages of the Court deems the violations willful; and

d. Grant such other and further relief as may be just and proper.

Dated this 25th Day of July, 2016.

Respectfully Submitted,

\_\_\_/s/ *Curtis R. Hussey*_____
Curtis R. Hussey Esq.
ASB 7684 S57C
Hussey Law Firm, LLC
10 N. Section #122
Fairhope, AL 36532
Phone: 251-928-1423
Email: gulfcoastadr@gmail.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Facsimile: 201-608-7116